UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA MICHELL NICHOLS,

    Plaintiff,

                                                   Case No. 15-10792

v.

                                                   Hon. John Corbett O'Meara

ROOSEN, VARCHETTI & OLIVER, P.C.

    Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS AND
DENYING DEFENDANT'S MOTION FOR SANCTIONS**

    Before the court are Defendant's motions to dismiss and for sanctions, which have been fully briefed. The court heard oral argument on October 8, 2015. For the reasons explained below, Defendant's motion to dismiss is granted and motion for sanctions is denied.

**BACKGROUND FACTS**

    Plaintiff Rita Nichols brought this action under the Fair Debt Collection Practices Act, Michigan Collection Practices Act, Michigan Occupational Code, and 11 U.S.C. § 524, alleging that Defendant attempted to collect a discharged debt by garnishing Plaintiff's wages after she filed for bankruptcy.

    Defendant Roosen, Varchetti & Oliver, P.C. ("RVO") is a law firm that

attempted to collect a debt from Plaintiff. In doing so, RVO served Plaintiff's employer, Levy Restaurant, with a writ for garnishment that was issued on March 6, 2012. The writ expired on June 5, 2012. See Def.'s Ex. 1. RVO did not renew the writ or apply for a new one. Def.'s Ex. 2.

Plaintiff filed for Chapter 7 bankruptcy on March 19, 2013, and received a discharge on June 25, 2013. Nonetheless, Plaintiff's employer garnished her wages in December 2013 and January 2014. When informed of the error, Defendant returned the money to Plaintiff by checks dated January 9, 2014, and February 4, 2014.

Plaintiff's employer again garnished her wages on November 20, 2014. Plaintiff claims that her employer did so pursuant to a writ that referred to a different person with a name similar to hers (Michelle Nichols). See Pl.'s Ex. A. Although requested by RVO on behalf of a different client, the writ was addressed to Android Industries, not Levy Restaurant. Id. Defendant again returned the garnished amount to Plaintiff. On January 28, 2015, RVO filed a garnishment release for Levy Restaurant. Plaintiff filed this action on March 4, 2015.

## LAW AND ANALYSIS

Defendant seeks dismissal of Plaintiff's federal claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant also requests that the court decline to

exercise supplemental jurisdiction over Plaintiff's state claims.

I.   **Standard of Review**

To survive a motion to dismiss pursuant to Rule 12(b)(6), the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.  See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

II.  **Fair Debt Collection Practices Act**

Plaintiff alleges that Defendant violated sections 1692e and 1692f of FDCPA.  Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.A. § 1692e.  Section 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Plaintiff contends that Defendant violated the FDCPA by failing to file a release of garnishment and by sending the Michelle Nichols/Android Industries

writ of garnishment to Plaintiff's employer, causing confusion. At the time Plaintiff's employer garnished her wages, however, the writ of garnishment had been expired for over a year. Defendant did not take action to garnish Plaintiff's wages at any time after June 5, 2012. Rather, Plaintiff's employer apparently relied incorrectly upon the expired writ. Plaintiff has not cited authority for the proposition that Defendant's failure to file a release of garnishment under these circumstances violates the FDCPA.[1]

Plaintiff also claims that her employer garnished her wages in response to another writ issued on November 20, 2014. Pl's Ex. A. This writ identified the defendant as Michelle Nichols, the plaintiff as Main Street Acquisition Corp., and the garnishee as Android Industries L.L.C. (the "Android writ"). Although the defendant's name is similar to Plaintiff's, none of the other identifying information (including social security number) in the Android writ is similar to the original writ RVO served on Levy Restaurant in an attempt to collect Plaintiff's debt. Defendant contends that the Android writ was served on Android, not Levy. Even if the Android writ was mistakenly served on Levy Restaurant, it is not plausible

---

[1] Plaintiff's authority stands for the proposition that a failure to halt an active garnishment or collection proceeding after bankruptcy has been filed is a violation of the automatic stay. See, e.g., In re Banks, 253 B.R. 25, 30 (E.D. Mich. 2000) (writ of restitution); In re Daniels, 206 B.R. 444, 445 (Bankr. E.D. Mich. 1997) (failure to stop payroll deductions). Plaintiff's case law does not address the FDCPA.

that it was an attempt by RVO to collect Plaintiff's debt. Nor is it reasonable for Plaintiff's employer to be confused or misled by the Android writ, which does not refer to Plaintiff in any way.

Plaintiff has not set forth plausible claim for relief against Defendant under the FDCPA. The court will dismiss Plaintiff's FDCPA claim.

### III. Violation of 11 U.S.C. § 524

Plaintiff also claims that by allegedly attempting to collect a discharged debt, Defendant violated the bankruptcy discharge injunction. See 11 U.S.C. §524(a). The Sixth Circuit does not recognize a private cause of action based upon alleged violations of § 524. Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 421 (6th Cir. 2000) ("The obvious purpose is to enjoin the proscribed conduct – and the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one."). Accordingly, the court will dismiss Plaintiff's § 524 claim.

### IV. State Claims

The court will decline to exercise jurisdiction over Plaintiff's remaining claims, which arise under state law. See 28 U.S.C. § 1367(c)(3); Taylor v. First of America Bank – Wayne, 973 F.2d 1284, 1287 (6th Cir. 1992) ("Generally, 'if the federal claims are dismissed before trial, . . . the state claims should be dismissed

as well.'").

## V. Sanctions

Defendant seeks sanctions pursuant to Federal Rule of Civil Procedure 11. Although Plaintiff's claims are without merit, they do not rise to the level of frivolousness. Further, the court is disinclined to impose sanctions without ruling on the merits of all of Plaintiff's claims.

## ORDER

IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED and Defendant's motion for sanctions is DENIED.

                                      s/John Corbett O'Meara
                                      United States District Judge

Date: October 13, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 13, 2015, using the ECF system.

                                      s/William Barkholz
                                      Case Manager